94, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). Exceptions to exhaustion requirements are usually limited, and apply only in extraordinary circumstances, such as, when the arbitral process would be futile or would cause the plaintiff irreparable injury. *See, e.g., Flying Tiger Line,* 830 F.2d at 1252; *Central States Southeast,* 826 F.2d at 329. The denial of the request for information at issue in no way makes the arbitral process in this case futile, nor does it cause the plaintiff irreparable injury. Because we find that the request for information in this case was one "concerning a determination" of withdrawal liability, and defendants' refusal to honor that request constituted "any dispute between an employer and the plan sponsor," the action was properly dismissed for plaintiff's failure to exhaust arbitration on the issue of withdrawal liability as required by 29 U.S.C. § 1401(a)(1).

Both sides seek attorney's fees and costs for this action pursuant to 29 U.S.C. § 1451(e). Because neither party prevailed entirely, each shall bear its own costs.

AFFIRMED.

**ORDER**

Judges Tang and D.W. Nelson voted to deny respondent's petition for rehearing and reject the suggestion for rehearing en banc. Judge Choy voted to grant the petition for rehearing and recommended granting the suggestion for rehearing en banc.

The full court was advised of the suggestion for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed.R.App.P. 35.

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

Mario GONZALEZ–RIVERA, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 92–70492.

United States Court of Appeals, Ninth Circuit.

Oct. 19, 1994.

UNITED STATES of America, Plaintiff–Appellant,

v.

Jerry NACHTIGAL, Defendant–Appellee.

No. 91–10212.

United States Court of Appeals, Ninth Circuit.

Oct. 27, 1994.

Before: CHOY, TANG and D.W. NELSON, Circuit Judges.